No. 822

SOLOMAN et v. ALLABACK et

Montgomery Common Pleas

Decided Dec. 31, 1925

923. PLEADINGS—Separate causes of action against a principal and surety are improperly joined when it is sought to recover $5,000 against both in one cause of action and $600 against the surety alone in another cause of action.

McCRAY, J.

Dorothy Solomon instituted this action in the Montgomery Common Pleas against Her-

bert Allaback, claiming that through his negligence, while acting as a police officer, he operated a motor cycle at a speed of 50 miles per hour in a street crowded with vehicles and pedestrians; and failed to sound any warning of his approach and did not keep control of his motorcycle, so that she was injured.

The Metropolitan Casualty Insurance Co. was made a party to the suit, the Company going bond for Allaback for $600. Solomon prayed for $5000 against Allaback and his surety and also for $600 against the surety itself. The plaintiff claimed that the Company bound itself that Allaback would honestly, faithfully and impartially discharge the duties of his office and then only would the obligation be void. She further alleged that the condition of the bond being broken, defendants became liable thereon.

The Company demurred to the petition on the following grounds: misjoinder of parties defendants; several causes of action improperly joined; facts stated do not constitute a cause of action. The Court of Appeals held:

1. The sureties on a bond of an officer, conditioned upon faithful performance of his duties are liable to all persons unlawfully injured by the nonfeasance ,misfeasance or malfeasance perpetrated by such officer, either by virtue of his office or under color of his office.

2. The petition does not state a cause of action and the demurrer should be sustained on this ground; the first and second grounds not being well taken; the claim of separate cause of action against several defendants improperly joined is also well taken.

3. Where causes of action are joined against two or more defendants which do not affect all of them, a demurrer will lie thereto at the instance of a defendant who is so affected.

4. The only time. a cause of action against an officer may be joined with one jointly against the officer and his surety is when both causes affect both parties.

Demurrer sustained and plaintiff required to elect upon which cause of action she will proceed.

Attorneys—I. L. Jacobson for Solomon; Frank W. Howell for Company; both of Dayton.